**IT IS ORDERED as set forth below:**



Date: January 23, 2024

_____
**Paul W. Bonapfel**
**U.S. Bankruptcy Court Judge**

_____

# IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| FANJOY CO., | CASE NO. 23-57565-PWB |
| Debtor. | |

## ORDER CONFIRMING PLAN

The above-captioned bankruptcy case came before the Court for a hearing (the "Confirmation Hearing") on January 22, 2024, at 10:00 a.m. to consider confirmation of the Plan (as defined herein).

On January 20, 2024, Debtor filed its *Amended and Restated Plan of Reorganization*[1]

---

[1] On November 6, 2023, Debtor filed its *Plan of Reorganization* (Doc. No. 120) ("Original Plan"), which was later modified by: (i) the *First Modification to Plan of Reorganization* (Doc. No. 134) filed on November 28, 2023, (ii) the *Second Modification to Plan of Reorganization* (Doc. No. 175) filed on December 29, 2023, (iii) the *Third Modification to Plan of*

(Doc. No. 207) (as amended herein, the "Plan"). The Plan was amended at the Confirmation Hearing to reflect the Hearing Amendments (as defined below). On December 14, 2023, Debtor filed its *Disclosure Statement for Plan of Reorganization* (Doc No. 162) (the "Disclosure Statement").

On December 20, 2023, the Court entered the *Order and Notice (A) Approving Debtor's Disclosure Statement for Plan of Reorganization, (B) Establishing Balloting and Objection Deadlines, and (C) Scheduling Confirmation Hearing* ("Solicitation Order") (Doc No. 166).

On January 17, 2024, Debtor filed its *Ballot Certification and Summary of the Voting on Debtor's Plan of Reorganization as Modified or Amended* ("Ballot Report") (Doc. No. 202) reporting the results of voting with respect to the Plan.

At the Confirmation Hearing, Leslie M. Pineyro, Leon S. Jones, and Mark D. Gensburg appeared on behalf of Debtor. Christopher Vaccarino appeared as representative of the Debtor. Alison Elko Franklin appeared on behalf of CircleUp Credit Advisors, LLC ("CircleUp"). Jamie Kirk appeared on behalf of the Texas Attorney General's Office and the Texas Comptroller of Public Accounts. Thomas W. Dworschak appeared on behalf of the United States Trustee.

At the Confirmation Hearing, the following amendments were made to the Plan:

A.    §4.3 of the Plan, Class 3 is amended to include the following

Notwithstanding anything else to the contrary in the Plan or this Confirmation Order, the Texas Comptroller of Public Accounts' (the "Texas Comptroller") priority tax claims shall accrue interest at the statutory rate of interest, currently 9.5% per annum, after January 1, 2024.

---

*Reorganization* (Doc. No. 193), (iv) the *Fourth Modification to Plan of Reorganization* (Doc. No. 199) and (v) the *Fifth Modification to Plan of Reorganization* (Doc. No. 203) (collectively the "Original Plan Modifications") (as amended or modified, the "Original Plan"). The Amended and Restated Plan reflects the changes to the Original Plan based upon the Original Plan Modifications and Debtor's withdrawal of its Subchapter V Election.

  B. §4.7, Class 7 of the Plan is amended to include the following:

The warehouse lien of ShipMonk shall continue to secure ShipMonk's claim to the extent of its secured claim ($58,000.00) and to attach to the Debtor's inventory located at the ShipMonk warehouse to the same priority and validity as its pre-petition lien without the need for the execution or filing of any further documents or instruments.

(collectively and individually, the "Hearing Amendments").

Based upon the record in the case and the stipulations and agreements as set forth herein, the Court finds that the Debtor has timely and properly: (i) solicited the Plan and (ii) provided due notice of the Confirmation Hearing to Holders of Claims against Debtor and parties in interest, all in compliance with the Bankruptcy Code, Local Rules and Solicitation Order.

At the Confirmation Hearing, the Court found that the legal and factual bases set forth at the Confirmation Hearing and in the entire record in this Case establish just cause for the relief granted at the Confirmation Hearing; and after due deliberation and good and sufficient cause appearing therefor, and based upon the Court's acceptance of the unopposed evidentiary proffer of testimony and evidence made at the Confirmation Hearing, and further based upon the entire record in this case and the Court's findings of fact and conclusions of law made on the record at the Confirmation Hearing which are adopted herein pursuant to the provisions of Federal Rule of Civil Procedure 52(a), as made applicable by Federal Rules of Bankruptcy Procedure 7052 and 9014, the Plan should be confirmed, and further based upon the following determinations by the Court:

  1. The Court has jurisdiction over this Chapter 11 Case and confirmation of the Plan pursuant to 28 U.S.C. §1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (L), and (O), and the Court has jurisdiction to enter a Final Order with

respect thereto.  Debtor is an eligible debtor under section 109 of the Bankruptcy Code.  Venue is proper before the Court pursuant to 28 U.SC. §§ 1408 and 1409.

2. Promptly following entry of the Solicitation Order, in compliance with the Bankruptcy Code and the Bankruptcy Rules, as evidenced by the Certificates of Service (Doc. Nos. 128, 136, 145, 168, 175, 193, 199, 203, and 207), Debtor effectuated filing and service of the Solicitation Order, Plan, Disclosure Statement and a ballot for voting on the Plan (collectively, the "<u>Solicitation Materials</u>").

3. Adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings and matters described herein and in the Solicitation Order (i) was timely and properly provided; and (ii) provided due process and opportunity to appear and be heard to all parties in interest.  No other or further notice is necessary or shall be required.

4. Debtor and Debtor's respective agents, representatives, attorneys, and advisors have solicited votes on the Plan in good faith and in compliance with applicable provisions of the Bankruptcy Code and are entitled to the protections afforded by § 1125(e) of the Bankruptcy Code.

5. Debtor, as proponent of the Plan, has met its burden of proving the elements of section 1129(a) of the Bankruptcy Code and established, upon the unopposed proffer of evidence by counsel for Debtor and the Court's judicial notice of all pleadings filed in this case (including proofs of claim), that Debtor's Plan satisfies the requirements of §1129(a) of the Bankruptcy Code.

6. As evidenced by the Ballot Report and submissions at the Confirmation Hearing, 3 impaired classes of claims (determined without including any acceptance by an insider of Debtor) voted to accept the Plan.  Specifically, (i) Class 4 (Secured Claim of CircleUp) (ii) Class

4

7 (Secured Claim of Shipmonk) and (iii) Class 8 (General Unsecured Claims) voted to accept the Plan as a Class. As evidenced by the Ballot Report and submissions at the Confirmation Hearing, (a) all impaired classes of claims voted to accept the Plan as a class and (b) all non-accepting classes of claims are not impaired by the Plan.

7. The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including without limitation, the treatment of priority claims and secured claims.

8. Debtor's Budget, attached as Exhibit B to the Plan, that sets forth Debtor's projected disposable income, is hereby approved; and without limitation of the foregoing, Debtor's Creditor Payment as defined in Section 4.10.1 of the Plan shall be fixed in the amount set forth on the line item of the Budget labeled as payment to "other creditors", to wit: $5,000 per month beginning in May of 2024, increasing to $15,000 per month beginning in January of 2027, and then again increasing to $25,000 per month beginning in January of 2028, though April of 2029.

Accordingly, it is hereby

**ORDERED** that the foregoing determinations including those enumerated in Paragraphs 1 through 7 above are hereby incorporated into this Confirmation Order as if fully set forth herein. It is further

**ORDERED** that the Plan is *confirmed* pursuant to 11 U.S.C. § 1129. All provisions of the Plan shall bind Debtor, the Reorganized Debtor, all entities receiving property under the Plan, the Holders of all Claims and Equity Interests, and all Creditors whether or not the Claims of such Creditors are impaired under the Plan and whether or not such Creditors have accepted

the Plan, and each of the respective successors and assigns of the foregoing, including, without limitation, the Reorganized Debtor. It is further

**ORDERED** that all Persons are permanently enjoined from commencing or continuing any action, employing any process, or acting to collect, offset, or recover any claim or cause of action that such Person may have had at the date of the filing of Debtor's Chapter 11 petition against Debtor or its property except as provided for in the Plan.  It is further

**ORDERED** that pursuant to section 1141(d) of the Bankruptcy Code, Debtor is hereby granted a discharge of all debts as provided by 11 U.S.C. § 1147(d)(1), and without limitation of the foregoing, except as otherwise specifically provided in this Confirmation Order or the Plan, the distributions and rights that are provided in the Plan shall be in complete satisfaction and release of: (1) all claims and causes of action, whether known or unknown, (2) liabilities of, (3) liens on, (4) obligations of, or (5) rights against Debtor, its assets or its Estate that arose prior to the entry of this Confirmation Order. It is further

**ORDERED** that:

A. Notwithstanding any language to the contrary in the Plan as herein confirmed, this Court retains jurisdiction in this case for the limited purposes set forth in the Plan including without limitation (i) to interpret and enforce the Plan and Confirmation Order, and (ii) to adjudicate any claim objection, whether brought as a contested matter or adversary proceeding, and whether commenced prior to or after the Effective Date.

B. If it is determined that any inconsistency exists between a Plan provision and this Confirmation Order, then the provisions of this Confirmation Order shall govern.

**[END OF ORDER]**

*Prepared and Presented by:*
**JONES & WALDEN LLC**
/s/ *Leslie M. Pineyro*
Leslie M. Pineyro
Georgia Bar No. 969800
699 Piedmont Avenue, NE
Atlanta, Georgia 30308
(404) 564-9300
lpineyro@joneswalden.com
*Counsel for Debtor*

*Reviewed as to Form:*
/s/ Jamie Kirk
Jamie Kirk
*(by Leslie Pineyro, with express permission)*
Assistant Attorney General
Texas Attorney General's Office
Texas State Bar No. 24076485
Bankruptcy & Collections Division
12221 Merit Drive, Suite 650
Dallas, TX 75251
Telephone: (214) 290-8802
Facsimile: (214) 969-7615
jamie.kirk@oag.texas.gov
*Counsel for the Texas Comptroller of Public Accounts*

*Reviewed as to Form:*
MARY IDA TOWNSON
UNITED STATES TRUSTEE
REGION 21
*/s/ Thomas W. Dworschak*
Thomas W. Dworschak
*(by Leslie Pineyro, with express permission)*
Trial Attorney
Georgia Bar No. 236380
United States Department of Justice
Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, Georgia 30303
(404) 331-4439
thomas.w.dworschak@usdoj.gov

7

*Reviewed as to Form:*
**GREENBERG TRAURIG, LLP**
*/s/ Alison Elko Franklin*
Alison Elko Franklin
*(by Leslie Pineyro, with express permission)*
Georgia Bar No. 243353
3333 Piedmont Road, NE, Suite 2500
Atlanta, Georgia 30305
Telephone: (678) 553-2100
Facsimile: (678) 553-2212
Email: Alison.Franklin@gtlaw.com
*Counsel for CircleUp Credit Advisors LLC*

*Reviewed as to Form:*
AKERMAN LLP
*/s/ Amy M. Leitch*
Amy M. Leitch
*(by Leslie Pineyro, with express permission)*
Georgia Bar No. 153227
Email: amy.leitch@akerman.com
50 North Laura Street, Suite 3100
Jacksonville, Florida 32202
Telephone: (904) 798-3700
Facsimile: (904) 798-3730
*Counsel for, BEDABOX, LLC, a Florida Limited*

**Distribution List**

Leslie M. Pineyro, Jones & Walden LLC, 699 Piedmont Avenue, NE, Atlanta, Georgia 30308

Office of the U.S. Trustee, 362 Richard B. Russell Bldg., 75 Ted Turner Drive, SW, Atlanta, Georgia 30303